1

2                                                          **E-Filed 10/25/05**

3

4

5

6

7                              NOT FOR CITATION

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12   SHARON WYATT, on behalf of herself and all        Case Number 04-03681-JF
     others similarly situated,
13                                                      ORDER[1] GRANTING IN PART
                    Plaintiff,                          PLAINTIFF'S MOTION FOR CLASS
14                                                      CERTIFICATION
            v.
15                                                      [Docket No. 34]
     CREDITCARE, INC., d/b/a/ CREDIT C.A.R.E.,
16   INC. and MIKE GURNEY, a/k/a TOM WRIGHT,

17                  Defendants.

18

19

20        Plaintiff Sharon Wyatt ("Wyatt") moves for an Order certifying the instant case as a class

21   action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The motion is opposed by

22   Defendants CreditCare, Inc. ("CreditCare") and Mike Gurney ("Gurney").  Having considered

23   the briefs, relevant evidence, and the arguments of counsel at the hearing on October 3, 2005, the

24   Court will grant the motion in part for the reasons set forth below.

25                              **I. BACKGROUND**

26        Mike Gurney is the president of CreditCare, a private corporation that engages in debt

27   _____

28        [1] This disposition is not designated for publication and may not be cited.

     Case No. 04-03681-JF
     ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
     (JFEX1)

1   collection.  CreditCare contracted with Jack and Dianna Richards to collect a consumer debt

2   from Wyatt.  On December 13, 2003 and April 15, 2004, Defendants sent debt collection letters

3   to Wyatt.  *See* First Amended Complaint ("FAC"), Exs. A, B.  The December 13, 2003 letter

4   informed Wyatt that she was required to pay $1,038.63, based upon a principal amount of

5   $636.40 and an interest charge of $402.23.  FAC, Ex. A.  In addition, the letter instructed Wyatt,

6   in part, to "please give specific details and supply us with all the necessary documentation" in the

7   event the debt is in dispute.  *Id*.  The April 15, 2004 letter informed Wyatt that she was required

8   to pay $1,645.27, based upon a principal amount of $636.40 and an interest charge of $1,008.87.

9   FAC, Ex. B.  In addition, the letter stated in part: "THIS IS A LIMITED TIME

10  OPPORTUNITY."  *Id*.  Defendants admit that they have mailed or caused to be mailed

11  communications in the form of Exhibits A and B to other California residents.  *See* Answer at 1;

12  Motion, Ex. 1.

13      On September 1, 2004, Wyatt filed a Class Action Complaint against CreditCare and

14  Gurney, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

15  ("FDCPA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("§

16  17200"), and the Rosenthal Fair Debt Collection Practice Act, Cal. Civ. Code § 1788 ("CA

17  FDCPA").[2]  The alleged statutory violations stem from Defendants' written demands to Wyatt

18  and other California residents for payment of unauthorized interest and Defendants' alleged use

19  of false representations or deceptive means to collect or attempt to collect a debt, as exemplified

20  in the aforementioned letters sent to Wyatt.[3]  Motion at 2.  As a result of these alleged violations,

21  Wyatt seeks on behalf of herself and others similarly situated injunctive and declaratory relief,

22  ///

23  ───────────────

24      [2] Wyatt filed a First Amended Class Action Complaint on March 10, 2005, in which
    Wyatt amended the definition of the proposed class.  The statutory violations alleged in the
25  original Class Action Complaint were not altered.

26      [3] Wyatt alleges that Defendants' request that individuals wishing to dispute the debt
    provide explanation and documentation and Defendants' statement that "THIS IS A LIMITED
27  TIME OPPORTUNITY" constitute use of false representations or deceptive means to collect or
    attempt to collect a debt.  *See* FAC at 5-6.
28

2

1    actual damages,[4] statutory damages, attorney's fees, litigation expenses and costs.  FAC at 11-12.

2        Wyatt initially requested that the Court certify a class based upon the alleged violations of

3    the FDCPA, CA FDCPA and § 17200.  The proposed class was defined as (1) all persons who

4    were sent at an address in California, (2) a letter from Defendants in the form of Exhibits A

5    and/or B, (3) in an attempt to collect a debt incurred for personal, family or household purposes.

6    Motion at 2.  The proposed FDCPA and CA FDCPA class period commences one year prior to

7    the filing of the complaint, i.e. September 1, 2003, and continues to the present.  *Id*.  The

8    proposed § 17200 class period commences four years prior to the filing of the complaint, i.e.,

9    September 1, 2000, and continues to the present.  *Id*.  However, during the October 3, 2005

10   hearing on Wyatt's motion for class certification, Wyatt's counsel agreed not to pursue

11   certification of a § 17200 class in light of the passage of California Proposition 64, which

12   requires a plaintiff to allege actual injury as a prerequisite for a § 17200 claim.  Given the

13   foregoing, Wyatt's request for class certification is now limited to the proposed FDCPA and CA

14   FDCPA class and the corresponding class period.

15                                      **II. LEGAL STANDARD**

16       A party seeking class certification must demonstrate the existence of the four threshold

17   requirements set forth in Rule 23(a) of the Federal Rules of Civil Procedure:  (1) the class is so

18   numerous that joinder of all members is impracticable; (2) there are questions of law or fact

19   common to the class; (3) the claims or defenses of the representative party are typical of the

20   claims or defenses of the class; and (4) the representative party will fairly and adequately protect

21   the interests of the class.  *In re Mego Financial Corp. Securities Litigation*, 213 F.3d 454, 462

22   (9th Cir. 2000).  In addition, the party seeking class certification must show that the action meets

23   the requirements of at least one of the three subdivisions of Rule 23(b).  *Id.*

24       Rule 23(b)(1) requires that prosecution of separate actions by individual members of the

25   _____

26       [4] Actual damages include not only out-of-pocket expenses incurred in responding to
     unlawful demands, but also damages for personal humiliation, embarrassment and mental

27   anguish or emotional distress.  *Federal Trade Commission, Statements of General Policy or
     Interpretation Staff Commentary on the Fair Debt Collection Practices Act*, 53 Fed. Reg. 50109

28   (Dec. 13, 1988).

1  class would create a risk of inconsistent adjudications or of adjudications that would impair the

2  interests of others.  Rule 23(b)(2) requires the party opposing the class to have "acted or refused

3  to act on grounds generally applicable to the class, thereby making appropriate final injunctive

4  relief or corresponding declaratory relief with respect to the class as a whole."  Rule 23(b)(3)

5  requires that "questions of law or fact common to the members of the class predominate over any

6  questions affecting only individual members, and that a class action is superior to other available

7  methods for the fair and efficient adjudication of the controversy."

8  **III. DISCUSSION**

9  **A.     Standing**

10         "To establish the 'irreducible constitutional minimum of standing,' the plaintiff must

11  demonstrate that there was an injury-in-fact that is fairly traceable to the challenged conduct and

12  that the injury can be redressed by a favorable decision by the Court."  *Muir v. Navy Federal*

13  *Credit Union*, 366 F. Supp. 2d 1, 2 (D.D.C. 2005) (quoting *Lujan v. Defenders of Wildlife*, 504

14  U.S.  555, 560-61 (1992)).  Defendants argue that class certification is inappropriate because

15  Wyatt and the prospective class members have not suffered an "injury in fact" and therefore do

16  not have standing to sue under Article III.

17         First, Defendants contend that the mere demand for payment of interest is insufficient to

18  support Wyatt's statutory claims.  Defendants cite to California Civil Code § 3289(b), which

19  states that if a contract entered into after January 1, 1986 "does not stipulate a [contractual] rate

20  of interest, the obligation shall bear interest at the rate of 10% per annum after a breach."

21  Opposition at 2.  Defendants claim that Wyatt and the prospective class members cannot

22  demonstrate a concrete injury unless the class is comprised of members to whom Defendants

23  have addressed interest demands (1) exceeding 10%, (2) where the higher interest demand was

24  not supported by the contract, and (3) where the class member has actually paid the excessive

25  interest.  *Id.*  However, in the context of a motion for class certification, "[t]he court is bound to

26  take the substantive allegations of the complaint as true, thus necessarily making the class order

27  speculative in the sense that the plaintiff may be altogether unable to prove to his allegations."

28  *Blackie v. Barrack*, 524 F.2d 891, 901, n.17 (9th Cir. 1975).  In evaluating the present motion,

4

1    the Court therefore accepts Wyatt's allegation that Defendants "seek to collect unauthorized

2    interest." FAC at 5. As such, Defendants' request to limit the proposed class definition to those

3    individuals who have actually paid excessive interest is without merit. Moreover, such a

4    definition fails to account for Wyatt's additional allegations that Defendants' debt collection

5    practice incorporates the use of false representations or deceptive means. *See supra*, note 3.

6        The Court is similarly unpersuaded by Defendants' argument that Congress has attempted

7    to "sidestep" the Article III standing requirement by granting individuals and class members the

8    right to sue under the FDCPA without proof of actual injury.[5] Indeed, Congress has expressly

9    authorized FDCPA class action cases, despite the fact that the statute does not require a showing

10   of actual damages. *See* 15 U.S.C. § 1692k. The FDCPA is based on the premise that "every

11   individual, whether or not he owes [a] debt, has a right to be treated in a reasonable and civil

12   manner." 123 Cong. Rec. 10241 (1977) (remarks of Rep. Frank Annuzio). Thus, in an effort to

13   eliminate abusive debt collection practices, Congress opted to focus on the debt collector's

14   misconduct, granting standing to the recipient or target of the violative conduct. Courts have

15   repeatedly rejected challenges to standing under the FDCPA and upheld the right of a plaintiff to

16   obtain relief for FDCPA violations, including illegal *attempts* at debt collection. *See, e.g.*, *Miller*

17   *v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 307 (2d Cir. 2003); *Keele v. Wexler*, 149 F.3d 589,

18   593 (7th Cir. 1998); *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir.

19   1994); *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982); *Palmer v. Stassinos*, 348 F.

20   Supp. 2d 1070, 1087 (N.D. Cal. 2004).

21   ///

22   ///

23   ///

24   ///

25   _____

26   [5] Defendants quote *Harley v. Minnesota Mining and Manufacturing*, 293 F.3d 901 (8th
     Cir. 2002), to support their claim that the motion for class certification should be denied on

27   constitutional grounds. In *Harley*, the court noted that "[a]lthough a statute may broaden the
     class of redressable injuries, the Supreme Court has never held that Congress may do away with

28   the Article III requirement of 'concrete injury.'" 293 F.3d at 906 (internal citation omitted).

5

**B.      Request for Injunctive Relief**

Defendants also argue that class certification is inappropriate because Wyatt's request for injunctive relief has been rendered moot by Defendants' filing of a Covenant in this action on June 24, 2005.  The Covenant states in pertinent part:

> 1.  [Defendants] will not in future send to debtors any written communication that is not substantially identical in form to Exhibits "A" through "D" attached hereto, or such other form as the court may direct.
>
> 2.  Defendants further covenant that they will not do any of the things proscribed by 15 U.S.C. §§ 1692 *et seq.*, and California Civil Code §§ 1788 *et seq.* including, without limitation any written or oral statement that is untrue or misleading, the improper communication with non-debtor third parties, and the use of profane or harassive language when dealing with debtors or others in connection with the collection of debts.
>
> 3.  Lastly, no written or oral communication will be directed to debtors claiming interest or costs or fees unless litigation is genuinely contemplated.

The Court agrees that entry of an order convergent with the Covenant would render Wyatt's request for injunctive relief superfluous.  In fact, having agreed not to pursue certification of the § 17200 class, Wyatt is no longer entitled to injunctive or declaratory relief in this action, given that FDCPA remedies are limited to damages, attorney's fees and costs.  *See* 15 U.S.C. § 1692k; *Sibley v. Fulton DeKalb Collection Service*, 677 F.2d 830, 834 (11th Cir. 1982) ("[E]quitable relief is not available to an individual under the civil liability section of the [FDCPA]."); *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 399 (E.D.N.Y. 1998) (accord).  Similarly, Wyatt is not entitled to injunctive or declaratory relief under the CA FDCPA, which expressly adopts the remedies set forth in the FDCPA.  *See* Cal. Civ. Code § 1788.17.  However, the unavailability of injunctive or declaratory relief does not render Wyatt's motion for class certification deficient.  Wyatt's claims under the FDCPA and CA FDCPA for actual damages, statutory damages, attorney's fees, litigation expenses and costs remain viable for class certification.  The Court therefore will proceed to evaluate whether the proposed class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure.

///

///

///

6

1    **C.    Requirements of Rule 23(a)**

2        **1.    *Numerosity***

3        Rule 23(a)(1) requires a class "so numerous that joinder of all members is impracticable"

4    before the action is class certified. *East Texas Motor Freight Sys. v. Rodriguez*, 431 U.S. 395,

5    405 (1977).  In response to Wyatt's Requests for Admissions of Fact regarding the number of

6    persons within California that received letters in the form of Exhibits A and B during the relevant

7    time periods, Defendants responded that "[c]ollection letters have been sent to more than 1,000

8    persons." Motion, Ex. 1.  Moreover, in opposing Wyatt's motion for class certification,

9    Defendants assume a class comprised of six thousand members. *See* Opposition at 5, 7.  The

10   Court is satisfied, and Defendants do not dispute, that a class numbering in the thousands is

11   sufficient to meet the numerosity requirement of Rule 23(a)(1).

12       **2.    *Commonality***

13       "A class has sufficient commonality 'if there are questions of fact and law which are

14   common to the class.'" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (citing

15   Fed. R. Civ. P. 23(a)(2)).  "The existence of shared legal issues with divergent factual predicates

16   is sufficient, as is a common core of salient facts coupled with disparate legal remedies within

17   the class." *Id.*  "Common nuclei of fact are typically manifest where . . . the defendants have

18   engaged in standardized conduct towards members of the proposed class by mailing to them

19   allegedly illegal form letters or documents." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1999);

20   *see also Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999) ("To establish

21   commonality, it is sufficient that plaintiff allege that all class members received the same

22   collection letter.").  Here, there are common questions of law and fact.  The prospective class is

23   comprised of persons within California who received a letter in the form of Exhibits A and B

24   during the relevant time period.  Moreover, at issue are the common legal questions of whether

25   Defendants' letters (1) demanded payment of interest in addition to the principal in violation of

26   15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692f(1) and Cal. Civ. Code § 1788, and (2) used false

27   representations or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C.

28   §§ 1692e, 1692e(5), 1692e(10) and Cal. Civ. Code § 1788.  Accordingly, the Court is satisfied,

7

1   and Defendants do not dispute, that Wyatt's claims meet the commonality requirement of Rule

2   23(a)(2).

3       **3.    *Typicality***

4       "The question of typicality in Rule 23(a)(3) is closely related to the preceding question of

5   commonality." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).  The purpose of the

6   typicality requirement is to "assure that the interest of the named representative aligns with the

7   interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

8   Typicality requires that the named plaintiff have claims "reasonably coextensive with those of

9   absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

10  Here, each prospective class member received a letter in the form of Exhibits A or B and was

11  therefore subjected to the same allegedly unlawful debt collection practice.  Although it appears

12  that Wyatt did not make an interest payment to Defendants and therefore is not entitled to actual

13  damages, the fact that other prospective class members may be entitled to actual damages does

14  not render Wyatt's legal claims atypical of those of the class.  *Keele*, 149 F.3d at 593 (holding

15  that so long as the injuries arise out of the same conduct allegedly violative of the FDCPA, the

16  fact that damages recoverable for the class members' injuries may differ does not disqualify the

17  named plaintiff from representing the class).  Indeed, Wyatt's interest in establishing that

18  Defendants' conduct violated the FDCPA and CA FDCPA is not diminished by the type or

19  amount of damages available for recovery.  Accordingly, the Court concludes that Wyatt's claims

20  meet the typicality requirement of Rule 23(a)(3).

21      **4.    *Adequacy of Representation***

22      The Ninth Circuit has recognized two criteria for determining adequacy of representation

23  under Rule 23(a)(4): "First, the named representatives must appear able to prosecute the action

24  vigorously through qualified counsel, and second, the representatives must not have antagonistic

25  or conflicting interests with the unnamed members of the class." *Lerwill v. Inflight Motion*

26  *Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978) (citing *Nat'l Assoc. of Reg'l Med. Programs,*

27  *Inc. v. Matthews*, 551 F.2d 340 (D.C. Cir. 1976)).  The first prong clearly is satisfied here.  Wyatt

28  states that she is "willing to be a representative of the class" and will undertake the responsibility

8

1   "to see that the lawyers prosecute the case on behalf of the entire class, not just [herself]."

2   Declaration of Sharon Wyatt at 2.  Moreover, Wyatt is represented by counsel with significant

3   experience in consumer class actions.  *See* Declaration of Ronald Wilcox; Declaration of O.

4   Randolph Bragg.  Defendants do not dispute that Wyatt will prosecute the action vigorously

5   through qualified counsel, as required.  With respect to the second prong, there is no indication

6   that Wyatt has interests that conflict with the unnamed class members.  As discussed above,

7   Wyatt and the unnamed class members will rely upon the same legal theories and substantially

8   the same facts in order to establish violations of the FDCPA and CA FDCPA.  Accordingly, the

9   Court finds that the requirement of adequate representation is satisfied.

10  **D.   Requirements of Rule 23(b)**

11         An action that meets the prerequisites of Rule 23(a) may be maintained as a class action if

12  it also meets the requirements of at least one of the three subdivisions of Rule 23(b).  *See Eisen v.*

13  *Carlisle & Jacquelin*, 417 U.S. 156, 163 (1974).  Given that Wyatt may no longer pursue

14  injunctive or declaratory relief, class certification is available solely under Rule 23(b)(3), which

15  requires that "questions of law or fact common to the members of the class predominate over any

16  questions affecting only individual members, and that a class action is superior to other available

17  methods for the fair and efficient adjudication of the controversy."

18         Wyatt has sufficiently established that the questions of law or fact common to all

19  members of the class predominate, given the standardized nature of Defendants' alleged unlawful

20  conduct and the identical statutory violations alleged by Wyatt on behalf of herself and the

21  prospective class.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)

22  ("Predominance is a test readily met in certain cases alleging consumer . . . fraud.").  Individual

23  questions relating to the identification of prospective class members and entitlement to actual

24  damages are capable of determination and are ancillary to the Court's evaluation of the

25  predominantly common issues.

26         In determining the superiority of a class action to alternative methods of adjudication,

27  Rule 23(b)(3) instructs courts to consider, *inter alia*, the interest of members of the class in

28  individually controlling their own litigation, the desirability of concentrating the litigation claims

9

1   in a particular forum, and the manageability of the class action.  Defendants argue that individual

2   actions with genuine merit are superior to class certification because of the relatively minimal

3   amount of recovery available to the class.  Moreover, Defendants contend that class certification

4   is not superior, given California's public policy against the filing of "lawsuits as a means of

5   generating attorney's fees without creating a corresponding public benefit."  Opposition at 5

6   (citing California Proposition 64, Section 1(b)(1)).  In the instant case, the Court concludes that a

7   class action is superior to other available methods of adjudication for several reasons.  First,

8   considerations of consistency and efficiency favor litigating the FDCPA and CA FDCPA claims

9   in a single suit.  *See Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 547 (N.D. Cal. 2005).

10  Second, although it is possible that members of the prospective class would be entitled to greater

11  recovery in an individual action, Rule 23(c)(2)(B) addresses Defendants' concern regarding

12  minimal recovery by allowing any prospective class member to opt out of the class.  Finally, the

13  Court is significantly influenced by the policy considerations inherent in the legislative support

14  for class actions under the FDCPA and CA FDCPA.  A class action is superior given that

15  "[m]any plaintiffs may not know their rights are being violated, may not have a monetary

16  incentive to individually litigate their rights, and may be unable to hire competent counsel to

17  protect their rights."  *Sledge v. Sands*, 182 F.R.D. 255, 259 (N.D. Ill. 1998).  Accordingly, class

18  certification is the superior method to adjudicate the present controversy.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Case No. 04-03681-JF
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
(JFEX1)

1

**IV. ORDER**

2          For the reason set forth above, this court GRANTS, IN PART, Plaintiff's Motion for

3  Class Certification.

4          The class shall consist of:

5                  (a) all persons who were sent a letter from Defendants in the form of Exhibits A

6                  and/or B;

7                  (b) at an address in California;

8                  (c) in an attempt to collect a debt incurred for personal, family or household

9                  purposes.

10         The class period is one year prior to the filing of this Complaint, i.e. September 1, 2003 to

11  the date of class certification.[6]  The class shall be entitled to pursue claims solely under the

12  Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt

13  Collection Practices Act, Cal. Civ. Code § 1788.

14

15

16  DATED: October 21, 2005

17

18                                                _/s/ electronic signature authorized___
                                                  JEREMY FOGEL
19                                                United States District Judge

20

21

22

23

24

25

26

27

28         [6] Pursuant to 15 U.S.C. § 1692k(d) and Cal. Civ. Code § 1788.30(f), an action to enforce
    liability must be brought within one year from the date on which the violation occurs.

11

1  This Order has been served upon the following persons:

2

3  <u>Counsel for Plaintiff</u>

4  rand@horwitzlaw.com

5  shannon@horwitzlaw.com

6  ronaldwilcox@post.harvard.edu

7

8

9  <u>Counsel for Defendants</u>

10  ca@svlg.com

11  mwo@svlg.com

12  al@svlg.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 04-03681-JF
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
(JFEX1)