**E-Filed 7/05/07 **

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SHARON WYATT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDITCARE, INC., d/b/a CREDIT C.A.R.E., INC. and MIKE GURNEY, a/k/a Tom Wright,<br><br>Defendants. | Case Number C 04-03681 JF (HRL)<br><br>ORDER[1] AWARDING ATTORNEYS'S FEES AND COSTS<br><br>[re: docket no. 104] |

## I. BACKGROUND

Mike Gurney ("Gurney") is the president of CreditCare, Inc. ("CreditCare") a private corporation that engages in debt collection. On September 1, 2004, Plaintiff Sharon Wyatt ("Wyatt") filed the instant action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") and the California Fair Debt Collection Practices Act, Cal. Civ. Code

---

[1] This disposition is not designated for publication and may not be cited.

§ 1788.[2]

On October 25, 2005 the Court granted in part Wyatt's motion for class certification. The Court ruled that the action could proceed on the basis of a class including: (a) all persons who were sent a letter from Defendants in the form of Exhibits A and/or B to Plaintiff's amended complaint; (b) at an address in California; (c) in an attempt to collect a debt incurred for personal, family or household purposes. The class period was one year prior to the filing of the action.

On November 8, 2005, the Court granted the motion of counsel for Defendants to withdraw. On November 9, 2006, Magistrate Judge Seeborg granted Wyatt's motion to compel Gurney to appear for deposition. The Court found that Gurney had failed to participate in the litigation since the withdrawal of counsel, to appear at a properly noticed deposition, or to meet and confer with the opposing party.

On March 8, 2007 the Court granted Wyatt's motion to decertify the class because of Gurney's failure to provide a list of the names and addresses of the class members. At the same time, the Court entered default judgment in favor of Wyatt in the amount of $3,000 plus costs and reasonable attorney fees.

## II. DISCUSSION

Three lawyers, a law clerk, and several paralegals worked on this matter on behalf of Wyatt. Using the lodestar method, Plaintiff requests the following fees and costs:

| Attorney | Hours | Hourly Rate | Total |
| --- | --- | --- | --- |
| Ronald Wilcox | 99.8 | $300 | $29,940.00[3] |
| O. Randolph Bragg | 61.3 | $465 | $28,504.50 |
| Craig M. Shapiro | 4.9 | $200 | $980.00 |
| James M. Smith (law clerk) | 0.5 | $115 | $57.50 |

---

[2] CreditCare has since filed for bankruptcy.

[3] Plaintiff erroneously calculated this amount as $29,542.00.

2

Case No. C 04-03681 JF (HRL)
ORDER AWARDING ATTORNEYS'S FEES AND COSTS
(JFEX2)

| | | | |
|---|---|---|---|
| Paralegals | 21.1 | $95-125 | $1,931.00[4] |
| Costs | | | $3,576.56 |
| Total | 187.6 | | $65,387.56 |

The Ninth Circuit has upheld awards for attorney's fees for class-related work even when class certification was not granted as long as the failed claim is related to successful claims by a "common core of facts" or are "based on related legal theories." *O'Neal v. City of Seattle*, 66 F.3d 1064, 1069 (9th Cir. 1995) ("The class certification motion was not unrelated to O'Neal's claims. She sought to certify the class to prevent the City from refusing water service again in similar situations . . . . The motion itself was not a separate claim, but rather a method of pursuing her ultimately successful claims."). In the instant action, class certification was successful, but later had to be undone. The short-lived class action claim is related to the successful claim. Moreover, Wyatt elected to seek decertification of the class action only after Gurney refused to disclose the list of names of the class. Accordingly, the Court concludes that Wyatt is entitled to fees related to her efforts to proceed with a class action.

However, the Court also concludes that the amount requested by Plaintiff's counsel is excessive. Despite its brief status as a class action, the instant action was relatively simple. The most complex legal issue in the action was the appropriateness of class certification. The remaining motion practice in this case was simple and limited. Plaintiff asserts that Defendant refused to provide documents unless her counsel brought a copy machine to where Gurney kept the documents, and that Gurney failed to appear at his deposition, despite an order compelling him to do so. While this recalcitrance by Gurney unreasonably extended the litigation, it did not pose complex legal issues. Accordingly, having reviewed the papers filed by the parties and the supporting declarations, the Court concludes that a reduction in the number of hours of work performed by Plaintiff's counsel is appropriate. After November 8, 2005, the litigation activity was limited primarily to case management conferences. In addition, a significant portion of the

---

[4] Plaintiff's counsel had three paralegals, who charge different rates, that worked a combined 21.1 hours.

1  hours for which Bragg seeks compensation were spent in travel. Accordingly, the Court will
2  reduce the number of hours per attorney by twenty-five percent.
3       The Court concludes that $300 is the appropriate hourly rate in this action for attorneys
4  Wilcox and Bragg. While as discussed above this action required some motion practice, it did
5  not require sophisticated knowledge of the FDCPA. To the extent that the action required more
6  attorney hours than usual, the difficulty arose from Gurney's refusal to follow Court orders. *See*
7  *e.g. Finkelstein v. Bergna*, 804 F.Supp. 1235, 1243 (N.D. Cal. 1992) (explaining that the
8  appropriate hourly rate is related to the complexity of the case); *Solloway v. Allied Interstate*,
9  Case No. C 06-04814 JF (N.D. Cal., November 13, 2006) (determining that $300 an hour was
10 appropriate compensation for Wilcox).[5] Given Wilcox's extensive practice in this case, the
11 Court perceives no reason to grant an hourly rate that is over fifty percent higher to an out-of-
12 state attorney. Accordingly, the Court will reduce Bragg's hourly rate to $300.
13      Finally, the Court concludes that Plaintiff's demand for costs is excessive. Plaintiff seeks
14 costs for travel, but such costs are not permitted under the local rules. *See* Civ. L.R. 54. In light
15 of these adjustments, the Court awards the following fees and costs:

| Attorney | Hour | Hourly Rate | Total |
|---|---|---|---|
| Ronald Wilcox | 74.9 | $300 | $22,470.00 |
| O. Randolph Bragg | 46.0 | $300 | $13,800.00 |
| Craig M. Shapiro | 3.7 | $200 | $740.00 |
| James M. Smith | 0.5 | $115 | $57.50 |
| Paralegals | 21.1 | $95-125 | $1,931.00 |
| Costs | | | $1,800.19 |
| Total | 146.2 | | $40,798.69 |

---

[5] The Court concludes that a $250 hourly rate is insufficient considering the somewhat greater complexity of the class-related motions. *Cf.* Order granting Wilcox $250 as hourly compensation *Lea v. Cypress Collections, et al.*, C 06-04288 JF (N.D. Cal., April 2, 2007).

### III. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiffs be awarded $40,798.69 for attorneys's fees and costs.

DATED: July 5, 2007.

_____
JEREMY FOGEL
United States District Judge

1 | This Order has been served upon the following persons:

3 | Ronald Wilcox: ronaldwilcox@post.harvard.edu
4 | O. Randolph Bragg: rand@horwitzlaw.com, shannon@hortiwzlaw.com